**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**KEVIN GEDEON, a/k/a "Cash,"**

    Petitioner,

v.                                                  **Civil Action No. 3:11-CV-69**
                                                       **Criminal Action No. 3:09-CR-30-2**
                                                       **(BAILEY)**

**UNITED STATES OF AMERICA**

    Respondent.

**ORDER DENYING PETITIONER'S *PRO SE* MOTION TO RECONSIDER**
**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART**
**REPORT AND RECOMMENDATION**

**I.**    **Introduction**

On this day, the above-styled matter came before the Court for consideration of petitioner Kevin Gedeon's *pro se* Motion to Reconsider Order Adopting in Part and Declining to Adopt in Part Report and Recommendation [Doc. 124], filed May 3, 2012. Specifically, Gedeon asks this Court to reconsider its April 26, 2012, denial of his petition filed pursuant to 28 U.S.C. § 2255.

**II.**    **Background**

On July 8, 2009, Gedeon pled guilty without a plea agreement to two counts of distribution of cocaine base [Crim. Doc. 38]. Gedeon's presentence report ("PSR") stated that he was responsible for 314.712 grams of cocaine base, for a base offense level of 32. With a criminal history category V, Gedeon's advisory Guidelines range was 188-235 months.

1

At his sentencing on September 29, 2009, Gedeon's counsel contested the amount of relevant conduct and objected to Gedeon not receiving an adjustment for acceptance of responsibility. This Court heard testimony from Gedeon and other witnesses, including Gedeon's co-defendant and the investigating officer. This Court sustained Gedeon's objection to the amount of relevant conduct in the PSR and stated, "I will find that the evidence demonstrates just under 150 grams" of cocaine base. ([Crim. Doc. 57] at 97). This finding lowered Gedeon's base offense level to 30. This Court overruled the objection relating to acceptance of responsibility and noted that a two-level enhancement for obstruction of justice was appropriate, giving Gedeon a total offense level of 32 and a Guidelines range of 188-235 months. After hearing from counsel and Gedeon, this Court sentenced Gedeon to 189 months in prison. This Court explained that it found Gedeon's criminal history category V somewhat overstated, departed downward to a criminal history category IV, and thus used a Guidelines range of 168-210 months.

On October 3, 2009, Gedeon noted his appeal by CJA counsel on two issues. First, Gedeon argued that this Court erred by not articulating the standard of proof it used to determine relevant conduct. Second, Gedeon contended that this Court's finding as to relevant conduct was erroneous.

On July 6, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Gedeon's sentence after rejecting both claims of error. ***United States v. Gedeon***, 386 Fed.Appx. 388 (4th Cir. 2010). First, the Fourth Circuit found no clear error in this Court's "determination that Gedeon was responsible for 147 grams of cocaine base." *Id.* at 390. "Here, there was no clear error. Investigator Bean's testimony supports a finding of far more than 147 grams of cocaine base. According to Bean, Travis Barrett and Matthew

2

Mason reported to authorities that they had purchased over 136 grams of the drug from Gedeon. Bean also testified that Chad Spaur, John Plowden, and Cordice Clark informed investigators that they had purchased quantities of crack from Gedeon that would put the total weight well above 147 grams." *Id.* Second, noting that Gedeon raised the issue for the first time on appeal, the Fourth Circuit found no plain error in the quantum of proof this Court applied in determining relevant conduct. "Here there was no error. '[D]istrict courts are presumed to know and apply sentencing law.' **United States v. Jones**, 596 F.3d 881, 884 (8th Cir. 2010). We presume that the district court properly determined relevant conduct based on a preponderance of the evidence." *Id.* Gedeon's counsel did not file a petition for writ of certiorari in the Supreme Court of the United States.

On August 19, 2011, Gedeon filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 193]. Gedeon claimed that he received ineffective assistance of counsel during the guilty plea phase, at sentencing, and on appeal. In claiming ineffective assistance of sentencing counsel, Gedeon alleged that his counsel failed to challenge the Court's relevant conduct determination. In claiming ineffective assistance of appellate counsel, Gedeon alleged, *inter alia*, that:

> [A]t the conclusion of the direct appeal at the Circuit Court level, Mr. Gedeon desired to file a petition for writ of certiorari in the United States Supreme Court, but his appellate attorney declined to assist him in this regard. Mr. Gedeon was subsequently forced to file his own petition for certiorari without the benefit of counsel.

([Crim. Doc. 85-1] at 10-11).

On March 29, 2012, Magistrate Judge Seibert filed a Report and Recommendation ("R&R") [Civ. Doc. 5; Crim. Doc. 109] recommending that this Court deny Gedeon's claims except the one related to certiorari. With regard to that claim, the magistrate judge ordered that an evidentiary hearing be held on May 21, 2012, and appointed Gedeon a CJA attorney to represent him at that hearing.

On April 4, 2012, the Government objected to the R&R to the extent that the magistrate judge ordered a hearing on the certiorari claim [Crim. Doc. 111]. Specifically, the Government argued that the record clearly shows that appellate counsel made Gedeon aware of his right to seek Supreme Court review. By newly-appointed counsel, Gedeon responded that an evidentiary hearing is necessary to determine the facts surrounding appellate counsel's failure to file the appropriate certiorari notice in the Fourth Circuit or move the Fourth Circuit to withdraw [Crim. Doc. 119]. In reply, the Government "contend[ed] that such a failure to file the documents does not, by itself, justify relief under § 2255 as suggested by ***United States v. Harris***, No. 2:09-CR-2, 2012 WL 32934, at *8 (W.D. Va. Jan. 6, 2012)." ([Crim. Doc. 121] at 3).

Gedeon did not file *pro se* objections to the R&R. Instead, on April 18, 2012, Gedeon filed an affidavit purportedly completed by Matthew Quinn Mason, who avers that he gave false testimony about Gedeon and that he had in fact "never purchased any [drugs] of any kind from Kevin Gedeon . . .." ([Doc. 117] at 1).

On April 26, 2012, this Court entered an Order Adopting in Part and Declining to Adopt in Part Report and Recommendation [Doc. 122]. In adopting the R&R in part, this Court found no clear error in Magistrate Judge Seibert's recommendation to dismiss Gedeon's claims for ineffective assistance of counsel that do not relate to the certiorari

4

issue.  In declining to adopt the R&R in part, this Court found that the evidentiary hearing ordered by Magistrate Judge Seibert was unnecessary, holding that "Gedeon's claims relating to relevant conduct are meritless, and [that] Gedeon fails to demonstrate any reasonable probability that the outcome of his case would have been different if his appellate counsel had filed a petition for writ of certiorari." (Id. at 10).  In so holding, this Court "relie[d] upon the Fourth Circuit's vigorous rejection of Gedeon's challenge to this Court's relevant conduct determination, indicated by its observation that 'Investigator Bean's testimony supports a finding of *far more than* 147 grams of cocaine base.'" (Id.) (citing **Gedeon**, 386 Fed.Appx. at 390).  Accordingly, this Court denied Gedeon's § 2255 petition.

On May 3, 2012, Gedeon filed the instant Motion to Reconsider [Doc. 124] asking this Court to reconsider its denial of his § 2255 petition.  In support of his request, Gedeon states, "[T]he Court is saying that they got my relevant conduct from Travis Barrett, 7 gram, and Matthew Mason, 140 gram.  Well, I sent the Court a affidavit signed by Matthew Mason." (Id. at 1).

### III. <u>Discussion</u>

Upon careful review of the record and consideration of Gedeon's Motion to Reconsider, this Court finds reconsideration of its April 26, 2012, Order unwarranted.  Even assuming the authenticity and veracity of the affidavit purportedly drafted by Matthew Mason, his apparent recanting of previously provided testimony has no substantive effect on any of the claims contained in Gedeon's § 2255 petition.  In finding no clear error in this Court's determination that Gedeon was responsible for 147 grams of cocaine base, the Fourth Circuit cited to more than just Mason's testimony: "[Investigator] Bean also testified

5

that Chad Spaur, John Plowden, and Cordice Clark informed investigators that they had purchased quantities of crack from Gedeon that would put the total weight *well above* 147 grams." **Gedeon**, 386 Fed.Appx. at 390 (emphasis added). Accordingly, based upon the Fourth Circuit's clear observation that the record contained ample evidence to affirm this Court's relevant conduct determination independent of Mason's testimony, this Court finds no reason to reconsider its decision to deny Gedeon's § 2255 petition.

## IV. Conclusion

For the foregoing reasons, this Court concludes that Gedeon's Motion to Reconsider **[Doc. 124]** should be, and hereby is, **DENIED**. Upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Gedeon has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 5, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE