IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                           Civil Action No. 3:11-CV-69
                                                   Crim. No. 3:09-CR-30-02
                                                   (JUDGE GROH)

KEVIN GEDEON,

    Defendant-Petitioner.

## REPORT AND RECOMMENDATION DENYING JOHN DOE MOVANT'S MOTION [157] FOR LEAVE TO INTERVENE AND FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 5.2(E)

This matter is before the Court on John Doe Movant's Motion for Leave to Intervene and for a Protective Order Pursuant to Fed. R. Civ. P. 5.2(e), filed on June 2, 2014. (3:09-CR-30-02, ECF No. 157). Movant seeks to intervene in the case of *United States v. Kevin Gedeon* pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure and requests a protective order sealing any reference to Movant in Gedeon's 28 U.S.C. § 2255 case. For the purposes of this Report and Recommendation, Movant is being kept anonymous in order to conceal and protect his identity.

### I. BACKGROUND

Kevin Gedeon filed a § 2255 Petition on August 19, 2011. A Report and Recommendation denying Mr. Gedeon's Petition was filed on March 29, 2012 and an Order Adopting in Part and Declining to Adopt in Part the Report and Recommendation of Mr. Gedeon's Petition was filed on April 26, 2013. Mr. Gedeon's appeal to the Fourth Circuit was denied on March 15, 2013 and he failed to timely file a writ of certiorari to the United States Supreme Court.

1

Movant is currently incarcerated pursuant to a sentence imposed by the Court in an unrelated matter. Movant asserts that other inmates have searched criminal and post-conviction case records and discovered Movant's cooperation with law enforcement as described in Gedeon's §2255 docket entries. As a result of being named in Gedeon's §2255 records, Movant claims he has been "subjected to threats, verbal abuse and physical abuse" and his family has been subject to threats and harassment as well. The Court notes that Movant's name and references to Movant's cooperation with authorities regarding the purchase of controlled substances appears multiple times in numerous documents related to Gedeon's original criminal case, direct appeal and §2255 case documents.[1]

## II. ANALYSIS

Movant seeks to intervene in Gedeon's case pursuant to Rule 24 of the Federal Rules of Civil Procedure.[2] However, the Motion to Intervene has been filed after the entry of final judgment in the Gedeon case. "Although entry of final judgment is not an absolute bar to filing a motion to intervene, the authorities note that: 'There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant.'" *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999)

---

[1] Movant is mentioned in the Sentencing Transcript (ECF No. 57); the Fourth Circuit's unpublished per curiam opinion denying Gedeon's direct appeal (ECF No. 71); the Government's Response (ECF No. 93) and Supplemental Response (ECF No. 102) to the 2255 Petition; the Report and Recommendation recommending Gedeon's 2255 Petition be denied (ECF No. 109); the attachments to Gedeon's Motion for Leave to file a Traverse and Answer to the Government's Motion for Supplemental Response to the 2255 (ECF No. 103-1) and the Order granting that Motion (ECF No. 106); an affidavit purportedly signed by Movant and notarized (ECF No. 117); the Order adopting/declining to adopt the Report and Recommendation on the 2255 (ECF No. 124); the Motion to Reconsider (ECF No. 133); Gedeon's *pro se* Motion for leave of Court to File Objections to the Report and Recommendation (ECF No. 141). The Court notes that this is not an exclusive list and additional instances may be included in the record.

[2] Rule 24(a)(2) and Rule 24(b)(1)(A) allows a party to intervene when a federal statute gives an unconditional or conditional right to intervene, respectively. In addition, Rule 24(a)(2) permits an intervention of right when a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(b)(1) allows for permissive intervention when a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

(quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1916, at 444–45 (West 1986)). The Fourth Circuit has held that "[i]ntervention is ancillary and subordinate to a main cause and whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention." *Black v. Cent. Motor Lines, Inc*., 500 F.2d 407, 408 (4th Cir. 1974) (citing *Becton v. Greene County Board of Education*, 32 F.R.D. 220 (E.D.N.C.1963)). "By its very nature intervention presupposes pendency of an action in a court of competent jurisdiction." *Id.* (citing *In Re V-I-D, Inc.,* 177 F.2d 234 (7th Cir. 1949)). "An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit…" *Kendrick v. Ken*drick, 16 F.2d 744, 745 (5th Cir. 1926). Here, Gedeon's §2255 Petition has been denied by the District Court, his appeal was denied by the Fourth Circuit and he failed to timely file a petition for writ of certiorari to the United States Supreme Court, which means this case, in essence, is closed. As such, the Motion to Intervene has been filed in a case which is no longer pending before the Court or on appeal.

When considering a motion to intervene, the court must determine if the application was timely filed. *See Gould v. Alleco, Inc*., 883 F.2d 281, 286 (4th Cir.1989) (stating that "[b]oth intervention of right and permissive intervention require timely application."). When determining whether a motion for intervention is timely, the court should examine the following factors: "how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Id.* Here, the Fourth Circuit denied Gedeon's appeal and no subsequent appeal to the Supreme Court was sought. The case cannot be delayed because final judgment has been entered. Movant does not provide a reason for tardiness in filing his motion. Although there is no risk of prejudice in delaying Gedeon's case, there is no

existing suit to which a motion to intervene may be properly asserted. Accordingly, the Court finds the Motion to Intervene to be untimely.

While the Court is sympathetic to Movant's position and acknowledges that he has an interest regarding the continued inclusion of his name in docket entries filed in Gedeon's §2255 and criminal case, a motion to intervene is not the proper vehicle in which to remedy Movant's concern. Accordingly, the Court finds there is no pending litigation in which Movant can intervene and therefore, Movant's motion is untimely and not properly brought before the Court for consideration.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Movant's Motion for Leave to Intervene and for a Protective Order Pursuant to Fed. R. Civ. P. 24(a)(2) [157] be **DENIED.** The Court further **RECOMMENDS** that the subsequent Order filed by the District Court be restricted to case participants and attorneys of record in order to prevent future disclosure of Movant's identity. Although the Court is sympathetic to the issues raised by the Movant, it is difficult, if not impossible, to remove references to his name in the record and/or remove his name from the memories of those who may have previously accessed the records. As such, the Court is not inclined to seal or restrict Gedeon's entire criminal case or civil §2255.

The Movant in this case, or any party, may, within fourteen (14) days of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge Groh. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to:

1. Mail a copy of this Report and Recommendation to the *pro se* Movant by certified mail, return receipt requested, to his last known address.

2. Mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

3. Transmit a copy of this Report and Recommendation to any counsel of record, as applicable, via electronic means.

4. File this Report and Recommendation as restricted to case participants and attorneys only.

Date Entered: July 30, 2014

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE