**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**KEVIN GEDEON, a/k/a "Cash,"**

      Petitioner,

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 3:11-CV-69
CRIMINAL ACTION NO.: 3:09-CR-30-2
(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

      Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble concerning Matthew Quinn Mason's Motion for Leave to Intervene and for a Protective Order [Criminal ECF 157, Civil ECF 29]. This action was referred to Magistrate Judge Trumble for submission of an R&R by standing order. On July 30, 2014, Magistrate Judge Trumble filed an R&R [Criminal ECF 159, Civil ECF 27] recommending that the Court deny Mason's motion.

## I. Background

On August 19, 2011, Kevin Gedeon filed a motion to vacate, set aside, or correct the sentence imposed against him in criminal action number 3:09-cr-30-2 pursuant to 28 U.S.C. § 2255. On April 26, 2012, the Court adopted an R&R issued by the magistrate court and dismissed Gedeon's petition with prejudice. Gedeon appealed this decision to the Fourth Circuit. On November 9, 2012, the Fourth Circuit denied his appeal. During the pendency

of the appeal, Gedeon filed a motion to file objections to the R&R in this Court. The Court denied his motion on its merits. Gedeon appealed that decision to the Fourth Circuit. On March 15, 2013, the Fourth Circuit affirmed the Court's order, but modified it to reflect that Gedeon's motion was denied for want of jurisdiction. Gedeon did not seek review of either Fourth Circuit decision in the United States Supreme Court.

On June 2, 2014, Matthew Quinn Mason filed a Motion for Leave to Intervene and for a Protective Order. Mason is currently incarcerated in a federal facility pursuant to a sentence entered in another criminal matter. In his motion, Mason avers that this matter's docket entries reveal that he cooperated with law enforcement in the events underlying Gedeon's case. He asserts that inmates have discovered his cooperation by using the prison's electronic law library and, as a result, subjected him to threats, verbal abuse, and physical abuse. Based on these allegations, he requests that the Court allow him to intervene in this action to strike any references to him in this matter.

On July 30, 2014, Magistrate Judge Trumble issued an R&R recommending that the Court deny Mason's motion because his intervention request is untimely. Mason filed objections to the R&R. In that filing, he argues that his motion is timely and avers that he also seeks to intervene to revisit the merits of Gedeon's habeas case, stating:

> First only recently did the Federal Bureau of Prisons convert to the Lexis/Nexis Law Library System and that conversion is what brought about [his] assault and threats. He is about to be moved to another institution where he will again be in great jeopardy. He could not of filed this vacation in a more timely manner. His life has been put to danger by misclassified information being published. Next while he did talk to a Trooper Bean he did NOT sign and statement or testify. How then could the court assign any weight or bugs to [him] and use them against the convicted party. Claims made to the contrary of these facts constitute perjury on someones part and this entire matter is mute [sic] if the facts of the underlying case been properly and honestly presented to the court. I would like to go on record on

these issues and ask the court to re-visit and correct the record as well as granting my request.

## II. Standard of Review

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&R to which Mason objects and the remainder of the R&R for clear error.

## III. Discussion

Mason seeks to intervene under Federal Rule of Civil Procedure 24(a). To do so, his motion must be timely. Fed. R. Civ. P. 24(a); see also Scardelletti v. Debarr, 265 F.3d 195, 202 (4th Cir. 2001), rev'd on other grounds, Devin v. Scardelletti, 536 U.S. 1 (2002) (outlining the requirements of intervention under Rule 24(a)). A district court has wide discretion to determine whether a motion to intervene is timely. Alt v. EPA, 758 F.3d 588, 591 (4th Cir. 2014). This inquiry requires consideration of three factors: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." Id.

Moreover, in Black v. Central Motor Lines, Inc., 500 F.2d 407 (4th Cir. 1974), the Fourth Circuit held that intervention is untimely when, like here, an individual seeks to intervene after a district court enters a final judgment and the time to appeal has run. See

<u>Hous. Gen. Ins. Co. v. Moore</u>, 193 F.3d 838, 840 (4th Cir. 1999). <u>Houston General Insurance Co.</u> reinforced that principle. In that case, an individual moved to intervene in a civil action two months after the district court entered a final order of judgment and after the time to appeal the judgment expired. <u>Id.</u> The district court denied the motion to intervene as untimely, and the individual appealed that decision to the Fourth Circuit. <u>Id.</u> at 839. In reviewing the district court's decision, the Fourth Circuit stated that, while entry of final judgment does not absolutely bar a motion to intervene, "the authorities note that: 'There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant.'" <u>Id.</u> at 840 (quoting 7C Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d § 1916, at 444-45 (West 1986)). The Fourth Circuit then explained "it is well-settled law that 'intervention presupposes pendency of an action in a court of competent jurisdiction.'" <u>Id.</u> (quoting <u>Black</u>, 500 F.2d at 408). Applying these principles, the Fourth Circuit found that "there was no pending litigation in which [the individual] could intervene" and therefore found his motion untimely under <u>Black</u>. <u>Id.</u>

Here, like in <u>Black</u> and <u>Houston General Insurance Co.</u>, there is no pending action in which Mason could intervene because he filed his motion more than one year after the judgment entered in this matter became final. Thus, his motion is untimely under those decisions. <u>See</u> <u>id.</u>; <u>Black</u>, 500 F.2d at 408.

Weighing all three factors relevant to the timeliness analysis leads to the same conclusion. First, the litigation could not be more advanced because this case closed over one year ago. This matter's progress therefore is a strong indication of untimeliness. <u>See</u> <u>Alt</u>, 758 F.3d at 591 (finding motion to intervene untimely where the litigation was "near to

its final resolution"). The second factor—the prejudice that any delay may cause the other parties—also weighs in favor of finding the motion untimely. In his response to the R&R, Mason indicates that he seeks to reopen this matter to litigate his alleged involvement in Gedeon's criminal case and the propriety of identifying him in the record. Allowing Mason to intervene at this stage would therefore prejudice Gedeon and the United States by requiring them to further litigate a matter that ended long ago. See Scardelletti, 265 F.3d at 203-04 (finding that allowing intervention by individual when parties had filed a motion for preliminary approval of a class action settlement would prejudice parties as it could have unraveled the settlement). Indeed, they have a strong interest in finality in this matter. See id. Finally, the Court assesses the reason for Mason's delay with reference to when he became aware of these proceedings. See Alt, 758 F.3d at 591 (assessing reason for movant's delay in seeking to intervene based on his awareness of the action); id. (finding reason for delay indicated motion to intervene was untimely where individual "was aware of his interest in the litigation from the outset of the case"). Mason does not claim that he was previously unaware of this matter or otherwise indicate when he learned of it. This factor therefore weighs against finding his intervention request timely. Thus, in light of all these considerations, the Court finds that Mason's motion to intervene is untimely and therefore denies it.

As a final matter, Mason does not object to the recommended disposition of his motion for a protective order. The Court therefore reviews this recommendation for clear error and finds none.

### IV. Conclusion

Upon careful review of the record, the Court **OVERRULES** Matthew Quinn Mason's

Objections.  It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Accordingly, the Court **DENIES** the Motion for Leave to Intervene and for a Protective Order.

The Court **FURTHER ORDERS** that the Clerk unseal the magistrate judge's Report and Recommendation and the Movant's objections.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record, the *pro se* Petitioner, and the *pro se* Movant.

**DATED:** October 7, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE